# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Justin Vaughan,

    **Plaintiff**

v.

Commissioner of Social Security

    **Defendant.**

Case No. 2:16-cv-454

Judge Michael H. Watson
Magistrate Judge Chelsey Vascura

## OPINION AND ORDER

On May 31, 2017, Magistrate Judge Kemp, to whom this matter was initially referred,[1] issued a Report and Recommendation ("R&R"), ECF No. 27, recommending that this action be remanded to the Administrative Law Judge ("ALJ") for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. Defendant, the Commissioner, filed objections to that R&R, and Plaintiff responded to Defendant's objections. ECF Nos. 28, 30. For the reasons that follow, the Court **OVERRULES** Defendant's objections, ECF No. 28, **ADOPTS** the R&R, ECF No. 27, and **REMANDS** this action to the ALJ for further proceedings.

## I.    BACKGROUND

Plaintiff applied for benefits on January 18, 2013, alleging that he became disabled on October 26, 2012, at the age of thirty six. After Plaintiff's initial application was denied, an ALJ held a hearing on Plaintiff's application. The ALJ subsequently issued a written determination denying Plaintiff benefits on March 27,

---

[1] After the R&R was issued, this action was referred to Magistrate Judge Vascura. ECF No. 29.

2015, and that determination became final when the Appeals Council denied review on April 21, 2016. Plaintiff then sought judicial review of the Commissioner's determination pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter,* No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

## III. ANALSYIS

**A. Listing 1.04**

The Magistrate Judge recommended remanding this case because the ALJ failed to consider whether Plaintiff's impairments met or equaled Listing 1.04, Disorders of the Spine. That listing provides, in relevant part:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

Part 404, Subpart P, app. 1, Section 1.04(A) (2015).

The ALJ found that Plaintiff had several severe impairments, including "degenerative disease of the lumbar spine, status post lumbar laminectomies," but that none of Plaintiff's impairments, singly or in combination, "met or equal[ed] the requirements set forth in the Listings of Impairments." ECF No. 10, PAGEID # 61. The Magistrate Judge correctly noted that the ALJ stated only that he considered "all listings" when making this listing determination and never specifically cited or discussed Listing 1.04 anywhere in his written determination. The Magistrate Judge also correctly found that record evidence available to the ALJ showed that Plaintiff's impairments might satisfy all the requirements of Listing 1.04(A). R&R, ECF No. 27, at PAGEID # 564. Accordingly, the Magistrate Judge concluded that the ALJ erred by failing to explicitly consider Listing 1.04 and recommended that this action be remanded on that issue.

Defendant raises three objections to this conclusion. Defendant first asserts that Plaintiff cannot establish that he meets Listing 1.04 and that it is his burden to do so. The Court finds that this objection is without merit.

A claimant has the burden of proving that he meets a listing, but it is not a claimant's "'job to point the relevant listings out to the ALJ; it [is] the ALJ's job to identify and address them.'" *Baker v. Colvin*, No. 2:12-cv-264, 2013 WL 3965292, at *1 (S.D. Ohio July 31, 2013) (quoting *Christephore v. Comm'r Soc. Sec.*, No. 1113547, 2012 WL 2274328, at *7 (E.D. Mich. June 18, 2012) (citing *Burnett v. Comm'r Soc. Sec.*, 220 F.3d 112, 120 n.2 (3d Cir. 2000) (explaining applicable regulations indicate that it is "within the realm of the ALJ's expertise" to determine the closest applicable listing)). Although an ALJ need not "address every listing" or discuss listings that a claimant clearly does not meet, an ALJ must consider a relevant listing "where the record raises a substantial question as to whether [the claimant] could qualify as disabled under a listing." *Smith-Johnson v. Comm'r Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). Substantial questions arise when specific evidence demonstrates that a claimant's impairments can reasonably meet or equal all the requirements of a listing. *Id.* (citing *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990)). In addition, when assessing a listing, an ALJ "'must actually evaluate the evidence,' compare it to the requirements of the relevant Listing, and provide an 'explained conclusion, in order to facilitate meaningful judicial review.'" *Harvey v. Comm'r Soc. Sec.*, No. 16-3266, 2017 WL 4216585, at *5 (6th Cir., Mar. 6, 2017) (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x 411, (6th Cir. Apr. 1, 2011)).

Here, the Magistrate Judge correctly concluded that record evidence available to the ALJ showed that Plaintiff's impairments could reasonably meet the listing requirements for Listing 1.04(A). Specifically, in a Residual Functional Capacity Report ("RFC") dated May 8, 2014, Plaintiff's treating physician, Dr. Julsen, wrote that she had diagnosed Plaintiff with spinal stenosis, a qualifying condition for the listing, and that this condition was accompanied by lumbar radiculopathy,[2] limited range of motion, muscle spasm, and bilateral sensor loss. ECF No. 10, at PAGEID ## 448-54. The Magistrate also noted that some records showed positive straight-leg testing even though others did not. ECF No.10, at PAGEID ## 312, 421, 449, 442. The record also shows that Plaintiff underwent four back surgeries, had a history of leg and back pain, and had clinical findings of muscle weakness. *Id.* at PAGEID ## 290, 313, 442, 449. Accordingly, the record demonstrates a substantial question as to whether Plaintiff could qualify as disabled under Listing 1.04(A), and the ALJ erred by failing to explicitly consider that listing. *See Reynolds,* 424 F. App'x at 416 (holding that an ALJ erred by failing to analyze claimant's physical condition in relation to Listing 1.04 where claimant put forth evidence that she could meet the listing requirements); *Harvey,* 2017 WL 4216585, at *6 (holding that an ALJ erred by failing to sufficiently analyze Listing 1.02A where claimant put forward evidence that she could meet the listing requirements); *Oglesby v. Comm'r of Soc. Sec.,* No. 1:13-CV-668, 2014 WL 3845931, at *7 (S.D. Ohio Aug. 5, 2014) (holding that an ALJ erred by failing to analyze evidence in context of Listing 4.02 and 4.04 requirements where evidence showed that those requirements might be satisfied).

---

[2] Radiculopathy is a condition caused by nerve root compression.

This error cannot be considered harmless. The relevant Social Security regulations require an ALJ to find that a claimant is disabled if he meets a listing without any further analysis. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.92(a)(4)(iii). *See also Harvey,* 2017 WL 4216585, at *5; *Reynolds,* 424 F. App'x at 416; *Baker,* 2013 WL 3965292, at *2. Therefore, the Court cannot say that correcting this error would be merely formalistic when the evidence shows that Plaintiff's impairments might possibly meet that listing. *See Baker,* 2013 WL 3965292, at *2 (citing *Reynolds,* 424 F. App'x. at 416).

Defendant's objection that Plaintiff cannot establish that he met or equaled the listing is thus misplaced. Because the record evidence *could* support the criteria under Listing 1.04(A), the ALJ erred by failing to properly *consider* the listing. The Court does not decide whether the evidence conclusively establishes that Plaintiff's impairments meet Listing 1.04. As the Magistrate Judge correctly pointed out, the record contains both supportive and contradictory evidence on this issue. But it was the ALJ's responsibility to weigh and evaluate all that evidence in light of the listing requirements in the first instance.

Defendant next objects because when the ALJ reviewed the record, it did not contain a medical opinion indicating that Plaintiff's impairments met or equaled Listing 1.04. This objection is also without merit. The Sixth Circuit has indicated that remand is appropriate when record evidence demonstrates that a claimant might reasonably meet or equal every requirement of the listing, not just when there is a finding from a physician that a claimant meets or equals a listing. *See Smith-Johnson,* 579 F. App'x at 432–33 (explaining that because an ALJ failed to discuss

a listing, the Court "must determine if record evidence raises a substantial question" as to whether that listing could be met).

Defendant finally objects that although the ALJ did not indicate that he considered Listing 1.04, the ALJ's discussion of medical evidence shows that he did. In *Harvey*, however, an ALJ cursorily mentioned a relevant listing, but failed to analyze record evidence in light of it even though the evidence could have supported a claim that the listing had been met. *Harvey,* 2017 WL 4216585, at *6. The Sixth Circuit explained that when an ALJ makes an error of law, remand is warranted "even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different." *Id.* at *7 (citing *Reynolds*, 424 F. App'x at 424 (quoting *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 859 (6th Cir. 2011)). Thus, the Court finds that this objection is also without merit and that remand to the ALJ is warranted on this issue.

## B. Opinion Evidence From Plaintiff's Treating Physician

The Magistrate Judge also recommended remanding this case because the ALJ erred by failing to properly evaluate opinion evidence from Plaintiff's treating physician, Dr. Julsen, and failed to give good reasons for giving Dr. Julsen's opinions less than controlling weight.

Pursuant to the "treating physician rule" "[a]n ALJ must give the opinion of a treating source controlling weight if he finds the opinion well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir.2004) (quoting 20 C.F.R. § 404.1527(c)(2)) (internal

quotation marks omitted). If after considering these two factors—supportability and consistency—an ALJ decides to give a treating source opinion less than controlling weight, an ALJ must evaluate all medical opinion evidence and determine what weight to assign to each opinion, including opinions from treating sources. 20 C.F.R. § 416.927(c). This evaluation must take into account the length of the treatment and frequency of the treatment relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and whether the treating physician is a specialist. 20 C.F.R. § 416.927(c)(2)–(6). An ALJ is not required to explain how he considered each of these factors, but an ALJ must provide "good reasons" for determining that an opinion from a treating physician will not be given controlling weight. *Wilson v. Comm'r Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). "These reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart v. Comm'r Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (July 2, 1996)) (internal quotation marks omitted).

1. The Supportability Assessment

The ALJ analyzed the supportability and consistency of the opinions from Plaintiff's treating physician, Dr. Julsen, and determined that the opinions were not entitled to controlling weight. In the supportability assessment, the ALJ indicated that he discounted Dr. Julsen's opinions because they "appear[ed] to be based on [Plaintiff's] subjective complaints, rather than objective evidence in the record." ECF

No. 10, PAGEID # 68. The Magistrate Judge correctly noted, however, that even though Dr. Julsen's notes included Plaintiff's self-reported symptoms, the notes and Dr. Julsen's opinions also reflected results from MRI studies, physical examinations, range-of-motion studies, straight-leg raising tests, and other accepted clinical tests and procedures. Thus, the Magistrate Judge correctly determined that it was not reasonable for the ALJ to conclude that Dr. Julsen's opinions were based exclusively on Plaintiff's subjective complaints instead of objective evidence and that this did not constitute a good reason for discounting Dr. Julsen's opinions.

Defendant objects and asserts that it appears that Dr. Julsen's opinions were based on Plaintiff's subjective complaints. In support of that contention, Defendant cites treatment notes dated March 13, 2014,[3] in which Dr. Julsen wrote that she did not feel that Plaintiff would be able to return to any job requiring lifting, bending, or prolonged standing. ECF No. 10, at PAGEID # 465. Defendant further asserts that this assessment appears to be a reiteration of Plaintiff's subjective complaints because during that office visit, Plaintiff expressed concerns about returning to a job that required those same activities. *Id.* at PAGEID # 463. The Court finds that this contention lacks merit. Although the notes describe Plaintiff's stated concerns, they also indicate that when Dr. Julsen examined Plaintiff that day, she found decreased range of motion in the lumbar spine with flexion and extension; decreased rise in the hip with forward leg flexion; and noticeable SI dysfunction. *Id.* at PAGEID # 464. In addition, the March 13, 2014, treatment notes were created the same day that Dr.

---

[3] Defendant states that the notes were dated February of 2014, but cites to notes dated March 13, 2014.

Julsen completed an RFC that explicitly listed clinical findings that supported her opinions, including that Plaintiff had limited range of motion and tenderness in the lumbar spine; sensory loss and muscle weakness in the lower left extremity; and positive straight leg raising test results for Plaintiff's left leg. *Id.* at PAGEID ## 441-42. The RFC completed by Dr. Julsen on April 22, 2014, also lists clinical findings that support Dr. Julsen's opinions in that RFC. *Id.* at PAGEID ## 448-49.

2. The Consistency Assessment

When assessing the consistency of Dr. Julsen's opinions, the ALJ also indicated that "Dr. Julsen's opinions were inconsistent with the evidence of record . . . ." *Id.* at PAGEID # 68. The Magistrate Judge correctly concluded that to the extent the ALJ meant that Dr. Julsen's opinions were not consistent with her own treatment notes, the ALJ erred because, as described above, the treatment notes contained clinical findings that were consistent with and supported Dr. Julsen's opinions. To the extent the ALJ meant something else, the Magistrate Judge correctly determined that the statement was too vague to count as a properly articulated "good reason" for assigning less than controlling weight to Dr. Julsen's opinion. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010) (explaining that "it is not enough to dismiss a treating physician's opinion as 'incompatible' with other evidence of record; there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick").

When assessing the consistency of Dr. Julsen's opinions, the ALJ also indicated that he discounted them because they were "inconsistent with . . . the

other credible opinion evidence of record." *Id.* But the Magistrate Judge noted, and Defendant acknowledges, that the ALJ erred when weighing opinions from other medical sources and that error impacted how the ALJ assessed the consistency of Dr. Julsen's opinions. Specifically, the ALJ indicated that he gave great weight to opinions from two state agency reviewers because they were "*supported by the other credible opinion evidence of record.*" *Id.* at PAGEID # 69 (emphasis added). The only other opinion evidence in the record that related to Plaintiff's physical impairments were, however, the opinions from Dr. Julsen, which the ALJ found to be not credible. Accordingly, the ALJ erred in this assessment. It was not possible for the ALJ to find that the state agency reviewers' opinions were supported by "other credible opinion evidence of record" given that the ALJ determined that all of the other opinions in the record were not credible.

That error affected the ALJ's assessment of the consistency of Dr. Julsen's opinions. In that consistency assessment, the ALJ determined that Dr. Julsen's opinions were "inconsistent with . . . the other credible opinion evidence" in the record (i.e., the ALJ found that Dr. Julsen's opinions were inconsistent with the opinions from the state agency reviewers). As described above, however, the opinions from the state agency reviewers were not properly supported, or at least they were not supported by other credible medical opinions despite the ALJ's statements to the contrary. Consequently, the Magistrate Judge correctly concluded that the ALJ did not provide a good reason for discounting Dr. Julsen's opinion when he indicated that they were discounted because they were inconsistent with the state agency reviewers' opinions.

### 3. Harmless Error

Defendant contends that even if the ALJ failed to give good reasons for assigning less than controlling weight to Dr. Julsen's opinions, such error was harmless. As the Magistrate Judge explained, violation of the "good reasons" rule can only be harmless error in three circumstances: "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation." *Friend,* 375 F. App'x at 551 (quoting *Wilson,* 378 F.3d at 547).

Defendant argues that Dr. Julsen's opinions were patently deficient given that they were inconsistent with other record evidence. Defendant asserts, for instance, that Dr. Julsen's opinion that Plaintiff could not sit or stand for prolonged periods was inconsistent with Plaintiff's testimony about his ability to travel by plane to Washington State for treatment on two occasions. However, the Court agrees with the Magistrate Judge that the ALJ may have overstated the impact of Plaintiff's ability to fly to Washington, which he had to do because of the rules governing his workers' compensation claims there. In particular, Plaintiff testified that although he travelled by plane, he had to stand during most of the flight due to almost unbearable pain and that after those flights he experienced numbness, pressure, and swelling and was barely able to walk. Transcript, ECF No. 10 at PAGEID ## 91-92. Moreover, Dr. Julsen's opinions were supported by clinical findings. For that reason, the Magistrate Judge concluded, and this Court agrees, that Dr. Julsen's

opinions, or at least some of them, could have been accepted by a reasonable person. The Court thus finds that remand is warranted on this issue as well.

## C. The Credibility Assessment

Because the Court finds that remand is proper, and in the interest of judicial economy, the Court declines to engage in a detailed discussion of Defendant's objections to the Magistrate Judge's recommendations with regard to the ALJ's credibility determination. The Magistrate Judge concluded, and the Court agrees, that the issues identified in the R&R would not, standing alone, justify a remand. Given remand, however, the ALJ should revisit the credibility determination in light of the credibility issues identified by the Magistrate Judge.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendant's objections to the R&R, ECF No. 28, **AFFIRMS AND ADOPTS** the R&R, ECF No. 27, and **REMANDS** this action for further proceedings. Upon remand, the ALJ should (i) assess whether the evidence shows that Plaintiff meets or equals Listing 1.04; (ii) explain that listing conclusion; (iii) review Plaintiff's treating source opinions and give them proper credit; (iv) provide good reasons for giving those opinions less than controlling weight if the ALJ determines that less than controlling weight is proper; and (iv) revisit the credibility determination in light of the issues identified by the Magistrate Judge in in the R&R.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**